# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

No. 09-60166
Summary Calendar

Charles R. Fulbruge III
Clerk

SANDRA MANGUM

Plaintiff-Appellant

v.

CATO CORPORATION

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
3:06-CV-701

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Sandra Mangum, acting *pro se*, filed this action against her former employer, defendant-appellee Cato Corporation ("Cato"), alleging that an elaborate conspiracy existed to discriminate against her. Cato terminated Mangum's employment based on its belief that Mangum cashed a forged payroll check at Kroger Company ("Kroger"). Following her termination, Mangum alleged claims of hostile work environment, disparate treatment, and retaliation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in violation of Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e, *et. seq.*, as well as state law claims for malicious prosecution, false arrest, abuse of process, gross negligence, and intentional infliction of emotional distress against Cato.

Mangum also filed suit against Kroger arising out of the check cashing incident for breach of contract, breach of the duty of good faith and fair dealing, negligence/gross negligence, and malicious prosecution .

In a thorough Memorandum Opinion and Order, the district court granted Cato's motion for summary judgment and rejected all of Mangum's claims filed against Cato. The district court also granted summary judgment for most of Mangum's claims against Kroger. The district court, however, reserved for trial the breach of the duty of good faith and fair dealing and negligence/gross negligence claims Mangum filed against Kroger. In a jury trial on these claims, the jury returned a take nothing verdict in favor of Kroger. Following entry of a final judgment, Mangum timely appealed. In this appeal, Mangum does not argue that the district court erred in dismissing Kroger. Therefore, we only review the district court's dismissal of Cato.

For the reasons stated by the district court in its careful Memorandum Opinion and Order on June 20, 2008, we AFFIRM the judgment of district court.